# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

NATHANIEL J. GIBBY,
            Appellant,

            v.

DEPARTMENT OF THE AIR FORCE,
            Agency.

DOCKET NUMBER
AT-0752-18-0498-X-1

DATE: September 13, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nathaniel J Gibby, Warner Robins, Georgia, pro se.

Frank M. Wood, and Jonathan Simpson, Robins Air Force Base, Georgia,
    for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

On January 19, 2024, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in noncompliance with the Board's final decision, which cancelled the appellant's removal, ordered the agency to pay the appellant the correct amount of back pay,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interest on the back pay, and other benefits, and notified the appellant that he could file a separate request for compensatory damages. *Gibby v. Department of the Air Force*, MSPB Docket No. AT-0752-18-0498-C-1, Compliance File (CF), Compliance Initial Decision (CID); *Gibby v. Department of the Air Force*, MSPB Docket No. AT-0752-18-0498-I-1, Initial Appeal File, Tab 16, Initial Decision (ID); *Gibby v. Department of the Air Force*, MSPB Docket No. AT-0752-18-0498-I-1, Tab 3, Order (Sept. 6, 2023).[2] For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

The Board's final decision in the underlying matter reversed the appellant's removal and ordered the agency to cancel the removal, retroactively restore the appellant effective May 5, 2018, and pay him appropriate back pay, with interest, and benefits. ID at 8-9. The appellant filed a petition for enforcement. CF, Tab 1. On January 19, 2024, the administrative judge issued a compliance initial decision granting the petition for enforcement and ordering the agency to provide evidence that it had taken the compliance actions specified in the initial decision. CID at 5.

In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the compliance actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions. CID at 6-7; 5 C.F.R. § 1201.183(a)(6)(i). He also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by

---

[2] The July 27, 2018 initial decision became the final decision of the Board upon the Board's issuance, on September 6, 2023, of an order so providing because the two Board members then in office could not agree on the disposition of the agency's petition for review. *See* 5 C.F.R. § 1200.3(b).

February 23, 2024, the date on which the findings of noncompliance would become final unless a petition for review was filed. CID at 7; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b). Neither party petitioned for review. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance.

On March 14, 2024, the Clerk of the Board issued an acknowledgment order directing the agency to submit evidence of compliance within 15 calendar days of the Acknowledgement Order. *Gibby v. Department of the Air Force*, MSPB Docket No. AT-0752-18-0498-X-1, Compliance Referral File (CRF), Tab 1 at 3. The acknowledgement order also notified the appellant that he must file any response within 20 calendar days of the agency's submission. *Id.* The order specifically informed the appellant that if he failed to file a response, the Board might assume he was satisfied and dismiss the petition for enforcement. *Id.*

On March 18, 2024, the appellant filed a response to the acknowledgement order, in which he stated that he was not currently reinstated and had not received all of his back pay but had received his back pay for the period of May 5, 2018, to July 27, 2018. CRF, Tab 2 at 3.

On April 1, 2024, the appellant filed a second response to the acknowledgement order, in which he stated that he had not heard from the agency regarding the remainder of his back pay and reinstatement of his job and requested "compensatory pay." CRF, Tab 3 at 3.

On April 2, 2024, the agency filed a response to the acknowledgement order. CFR, Tab 4. The Response included calculations regarding the appellant's back pay and leave and stated that the appellant had been reinstated on July 27, 2018, after the initial decision in the underlying appeal, and was not due back pay after this date. CRF, Tab 4 at 4-5, 106-15. The agency also stated that the

appellant was removed a second time, on January 25, 2020, for excessive absences. *Id.* at 5.

On April 18, 2024, the appellant submitted a response to the agency's filing. CRF, Tab 5. The appellant acknowledged receipt of his backpay but alleged that when he was reinstated in 2018, he was brought back in an "interim status," which was different from his position prior to his removal. *Id.* at 3. Further, the appellant stated that, "I acknowledge what the agency has submitted and backpay received, but feel it is not what I deserve." *Id.* at 3. He argued that his "interim status" position did not show "good faith in retroactive reinstatement." *Id.* at 4.

## ANALYSIS

The agency bears the burden of proving that it has complied with a Board order. *Mercado v. Office of Personnel Management*, 115 M.S.P.R. 65, ¶ 4 (2010). The agency is required to produce relevant, material, and credible evidence of compliance in the form of documentation or affidavits. *Spates v. U.S. Postal Service*, 70 M.S.P.R. 438, 443 (1996). The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

In this case, the agency was required to pay the appellant the correct amount of back pay, interest on the back pay, and other benefits. The agency's submission included: (1) settlement data breaking down the appellant's back pay by pay period for the time from the appellant's removal on May 5, 2018, to his reinstatement on July 27, 2018; (2) a Defense Finance and Accounting Service remedy ticket that detailed the appellant's gross back pay, including lump sum leave; (3) deductions including annual leave debt, taxes, and benefits; and (4) interest on the net back pay amount. CRF, Tab 4 at 106-109. The submission also included a settlement leave audit that set forth the calculation of the

appellant's annual and sick leave during the back pay period. *Id.* at 113-15. The appellant does not challenge the agency's calculation of the back pay, benefits, or interest, and thus, we assume that the appellant is satisfied with the agency's compliance on this point. Likewise, the appellant stated that he received the amounts set forth in the agency's documentation. CRF, Tab 5 at 3. Consequently, we find that the agency is in compliance with the administrative judge's January 19, 2024 compliance initial decision with respect to the appellant's back pay, interest, and benefits.

The Board's order also directed the agency to cancel the appellant's removal and reinstate him. ID at 8-9; CID at 5. In its April 2, 2024 submission, the agency represents that the appellant was returned to duty on July 27, 2018, but was subsequently removed on January 25, 2020, for a second time based on excessive absences.[3] *Id.* at 4-5. In the appellant's April 18, 2024 response, he contends that he was reinstated under the same pay grade and job title in 2018, but in "a temporary position with limits to job advancement, transfer, and training" and was "unable to work for four months, waiting for management to get paperwork. . . ." CRF, Tab 5 at 3.

The documentation submitted by the agency in its petition for review of the initial decision indicates that the appellant was restored to duty July 27, 2018, in accordance with the initial decision's interim relief order. PFR File, Tab 1, at 11 (Standard Form 50 (SF-50) citing 5 C.F.R. § 772.102(A) as authority for reinstatement). The job title, series, grade, and step to which the appellant was reinstated are identical to those on the SF-50 documenting his subsequent, unrelated removal. *Compare* PFR File, Tab 1, at 11, *with* CRF, Tab 4, at 92. Moreover, the appellant does not contest that prior to his second removal (which is not before the Board in this action or any other), he was restored to the appropriate pay grade and job title. Therefore, we find that the agency properly

---

[3] The merits of the January 24, 2020 removal are beyond the scope of this compliance action, and the appellant has not filed an appeal of this removal with the Board.

restored the appellant to his position in accordance with its interim relief obligations. *See* 5 U.S.C. § 7701(b)(2)(A); ID at 9.

The appellant argues that his restoration did not, in fact, provide him with appropriate duties or advancement opportunities although it appeared to do so on paper. Because he concedes that he was correctly restored on paper and paid appropriately, and because he was subsequently removed for reasons beyond the scope of this compliance action, there is no meaningful relief we can grant for his claims that he was not given appropriate duties or advance opportunities between July 27, 2018, and his removal. An appeal or issue is moot if there is no effective relief the Board can grant. *See Occhipinti v. Department of Justice*, 61 M.S.P.R. 504, 508 (1994) (dismissing the appellant's individual right of action appeal as moot because the appellant had subsequently been removed and could not obtain restoration to the agency's rolls, and the only relief the Board could grant would be a declaration that the appellant was temporarily treated improperly, which was not effective relief); *White v. International Boundary & Water Commission*, 59 M.S.P.R. 62, 65 (1993) (dismissing an appeal as moot because the Board could not order the appellant's return to the agency's rolls when he had subsequently been removed again, and the only relief he could obtain was a declaration that the appellant was temporarily treated improperly, which was not effective relief). Accordingly, we find that the appellant's arguments on this issue do not preclude finding the agency in compliance.

With respect to the appellant's request for compensatory damages, the appellant was apprised in the Board's September 6, 2023 Order that he could file a separate request for compensatory damages within 60 days of the order's issuance. *Gibby*, MSPB Docket No. AT-0752-18-0498-I-1, Order at 3. The appellant did not do so; thus, we will not address the issue now, as it is beyond the scope of these compliance proceedings.

Accordingly, for the reasons set forth above, we dismiss the appellant's petition for enforcement. This is the final decision of the Merit Systems

Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general.** As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within 60 calendar days of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination.** This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision— including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (not the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E. Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012.** This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of

appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.